UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SHAW GROUP, INC., a Louisiana corporation; and SHAW PROCESS FABRICATORS, INC., a Louisiana corporation;<br><br>    Plaintiffs,<br><br>    v.<br><br>ZURICH AMERICAN INSURANCE COMPANY, a New York corporation; WESTCHESTER FIRE INSURANCE COMPANY, a New York corporation; and NORTH AMERICAN SPECIALTY INSURANCE COMPANY, a New Hampshire corporation;<br><br>    Defendants. | NO:    CV-11-279-RMP<br><br>ORDER GRANTING MOTION FOR REASONABLENESS HEARING REGARDING SETTLEMENT AND GRANTING MOTION TO TRANSFER VENUE TO THE MIDDLE DISTRICT OF LOUISIANA<br><br>** Clerk's Action Required ** |

This matter comes before the Court on the motion by Plaintiffs Shaw Group, Inc., and Shaw Process Fabricators, Inc. (hereinafter, "Shaw" or the "Shaw entities"), for a reasonableness hearing, ECF No. 41, and the motion by Defendant

ORDER GRANTING MOTION FOR REASONABLENESS HEARING REGARDING SETTLEMENT AND GRANTING MOTION TO TRANSFER VENUE TO THE MIDDLE DISTRICT OF LOUISIANA ~ 1

North American Specialty Insurance Company ("North American") to transfer venue, ECF No. 33, in which Defendant Westchester Fire Insurance Company ("Westchester") joins, ECF No. 77, and to which Defendant Zurich American Insurance Company ("Zurich"), does not object, ECF No. 54.[1] The Court has reviewed the related filings in this and two related matters, has heard oral argument from the parties on the motion for transfer of venue, has studied the applicable law, and is fully informed.

## *Background*

Before the Court are three related actions: *REC Solar Grade Silicon, LLC v. Shaw Group, Inc. and Shaw Process Fabricators, Inc.*, CV-09-188-RMP; *Westchester Fire Insurance Company and North American Specialty Insurance Company v. The Shaw Group, Inc., Shaw Process Fabricators, Inc., and Zurich American Insurance Company*, CV-11-435-RMP[2]; and the above-captioned matter, CV-11-279-RMP.

---

[1] Zurich also filed a reply brief, ECF No. 76, opposing Shaw's response to the motion to transfer venue, and supplementing the argument in favor of transfer with reasons specific to Zurich's dealings with Shaw.

[2] This case was transferred to this district from the Middle District of Louisiana on November 22, 2011. ECF No. 36 in CV-11-435-RMP. The transfer was based on

ORDER GRANTING MOTION FOR REASONABLENESS HEARING REGARDING SETTLEMENT AND GRANTING MOTION TO TRANSFER VENUE TO THE MIDDLE DISTRICT OF LOUISIANA ~ 2

The *REC Solar* matter, CV-09-188-RMP, was resolved through a settlement among all of the parties to that action in November 2011. ECF Nos. 385 & 386 in CV-09-188-RMP. The dispute in that case, before the Court on diversity jurisdiction, involved Washington state law claims for breach of contract, breach of implied warranties, contractual indemnity, fraud, fraudulent concealment, constructive fraud, gross negligence, negligence, negligent misrepresentation, and product liability. ECF No. 192-1 in CV-09-188-RMP. The claims arose out of purchase orders that REC Solar, a polysilicon manufacturer whose principal place of business is in Moses Lake, Washington[3], entered into with the Shaw entities, both of which are Louisiana corporations, for pipe spools to be used in two large construction projects. ECF No. 192-1 at 2-4 in CV-09-188-RMP. REC Solar

---

application of the "first-filed" rule. ECF No. 75 at 5. REC Solar Grade Silicon, LLC, ("REC Solar") was named as a Defendant in that suit at the time that it was filed and later transferred. *See* ECF No. 1 (Complaint) in CV-11-435-RMP. However, Plaintiffs Westchester and North American, the only plaintiffs in that action, filed a notice of voluntary dismissal with prejudice of REC Solar as a defendant in that action. ECF No. 65 in CV-11-435-RMP.

[3] ECF No. 1 at 3 in CV-09-188-RMP.

ORDER GRANTING MOTION FOR REASONABLENESS HEARING REGARDING SETTLEMENT AND GRANTING MOTION TO TRANSFER VENUE TO THE MIDDLE DISTRICT OF LOUISIANA ~ 3

alleged that the pipe spools that Shaw manufactured and supplied were defective. ECF No. 192-1 at 2 in CV-09-188-RMP.

The matter entitled *Westchester Fire Insurance Company and North American Specialty Insurance Company v. The Shaw Group, Inc., Shaw Process Fabricators, Inc., and Zurich American Insurance Company*, CV-11-435-RMP, is a declaratory judgment action seeking a choice of law determination regarding which state's law governs interpretation of the relevant insurance policies and a determination of insurance coverage under umbrella and third-tier excess policies. The above-captioned matter includes claims for breach of insurance contract, both as a claim by the Shaw Plaintiffs and as a counterclaim by Defendant Zurich, and non-contractual diversity claims by Shaw for "breach of RCW 48.01.030, breach of the Uniform Fair Claim Practice Regulations, breach of enhanced obligations under *Tank v. State Farm*, [105 Wn.2d 381 (1986),] breach of RCW 48.30.015 [Washington's Insurance Fair Conduct Act, requiring, among other things, insurance claims to be handled in good faith], breach of RCW 19.86 [Washington's Consumer Protect Act], and Defendants' breaches of their respective duties of reasonable care." ECF No. 11 at 9.

### *Consolidation*

As an initial matter, Federal Rule of Civil Procedure 42 governs the consolidation of actions and provides, in relevant part:

> (a) Consolidation. If actions before the court involve a common question of law or fact, the court may:
> (1) join for hearing or trial any or all matters at issue in the actions;
> (2) consolidate the actions; or
> (3) issue any other orders to avoid unnecessary cost or delay.

The Court has broad discretion to order consolidation, and may do so sua sponte. *In re Adams Apple, Inc.*, 829 F.2d 1484, 1487 (9th Cir. 1987). Case numbers CV-11-435-RMP and CV-11-279-RMP involve the same parties and call for the same determinations of fact and law. Therefore, the Court concludes that consolidation of these two cases for pretrial proceedings, including discovery, promotes greater efficiency. The Court does not reach the question of whether the cases should be consolidated for trial. Accordingly, the two actions involving Shaw and the insurance companies, Zurich, Westchester, and North American, CV-11-435-RMP and CV-11-279-RMP, are consolidated pursuant to Fed. R. Civ. P. 42(a) for pretrial case management purposes.

### *Motion for a Reasonableness Hearing*

The Shaw parties seek a reasonableness hearing pursuant to Washington State's RCW 4.22.060. That statute provides:

> (1) A party prior to entering into a release, covenant not to sue, covenant not to enforce judgment, or similar agreement with a claimant shall give five days' written notice of such intent to all other parties and the court. The court may for good cause authorize a shorter notice period. The notice shall contain a copy of the proposed agreement. A hearing shall be held on the issue of the reasonableness

ORDER GRANTING MOTION FOR REASONABLENESS HEARING REGARDING SETTLEMENT AND GRANTING MOTION TO TRANSFER VENUE TO THE MIDDLE DISTRICT OF LOUISIANA ~ 5

of the amount to be paid with all parties afforded an opportunity to present evidence. A determination by the court that the amount to be paid is reasonable must be secured. If an agreement was entered into prior to the filing of the action, a hearing on the issue of the reasonableness of the amount paid at the time it was entered into may be held at any time prior to final judgment upon motion of a party. The burden of proof regarding the reasonableness of the settlement offer shall be on the party requesting the settlement.

(2) A release, covenant not to sue, covenant not to enforce judgment, or similar agreement entered into by a claimant and a person liable discharges that person from all liability for contribution, but it does not discharge any other persons liable upon the same claim unless it so provides. However, the claim of the releasing person against other persons is reduced by the amount paid pursuant to the agreement unless the amount paid was unreasonable at the time of the agreement in which case the claim shall be reduced by an amount determined by the court to be reasonable.

(3) A determination that the amount paid for a release, covenant not to sue, covenant not to enforce judgment, or similar agreement was unreasonable shall not affect the validity of the agreement between the released and releasing persons nor shall any adjustment be made in the amount paid between the parties to the agreement.

RCW 4.22.060.

A court weighs certain factors when assessing the reasonableness of a settlement for purposes of contribution among joint tortfeasors under RCW 4.22.060:

[T]he releasing person's damages; the merits of the releasing person's liability theory; the merits of the released person's defense theory; the released person's relative faults; the risks and expenses of continued litigation; the released person's ability to pay; any evidence of bad faith, collusion, or fraud; the extent of the releasing person's investigation and preparation of the case; and the interests of the parties not being released.

ORDER GRANTING MOTION FOR REASONABLENESS HEARING REGARDING SETTLEMENT AND GRANTING MOTION TO TRANSFER VENUE TO THE MIDDLE DISTRICT OF LOUISIANA ~ 6

*Glover v. Tacoma General Hospital*, 98 Wn.2d 708, 717 (Wash. 1983) (quoting Brief of Amicus, at 12), *overruled on other grounds by Crown Controls, Inc. v. Smiley*, 110 Wn.2d 695 (Wash. 1988).

"[E]ach of these factors are proper considerations for a trial judge to use in approving settlements . . ." and "no one factor should control." *Glover*, 98 Wn.2d at 718.

The statute, by its plain language, is designed to control the effect of settlements upon non-settling parties. *Brewer v. Fibreboard Corp.*, 127 Wn.2d 512, 522 (Wash. 1995) ("RCW 4.22.060 'creates a right of contribution between joint tortfeasors'") (quoting *Glover*, 98 Wn.2d at 711). However, despite the language of the statute, reasonableness hearings have been extended by Washington State courts to apply to situations involving insured defendants who sue their insurers for acting in bad faith, or assignment by an insured defendant of any bad faith claims to plaintiff. *Chausee v. Maryland Cas. Co.*, 60 Wn. App. 503, 511-12 (Wash. App. 1991). "When a defendant whose liability insurer has acted in bad faith proceeds to make his own settlement with an injured plaintiff, the amount of that settlement may become the presumptive measure of damage in the bad faith lawsuit, but only if a trial court determines that the settlement is reasonable and not the product of fraud or collusion." *Bird v. Best Plumbing Group, LLC*, 161 Wn. App. 510, 514 (Wash. App. Div. 1), *rev. granted*, 172 Wn.2d 1010 (Wash. 2011)

ORDER GRANTING MOTION FOR REASONABLENESS HEARING REGARDING SETTLEMENT AND GRANTING MOTION TO TRANSFER VENUE TO THE MIDDLE DISTRICT OF LOUISIANA ~ 7

1  (citing *Besel v. Viking Ins. Co. of Wisconsin*, 146 Wn.2d 730, 733 (Wash. 2002)).

2  "[T]he *Chaussee* criteria protect insurers from excess judgments especially where .

3  . . the insurer has notice of the reasonableness hearing and has an opportunity to

4  argue against the settlement's reasonableness." *Besel*, 146 Wn.2d at 739.

5        The Shaw entities move for a reasonableness determination in the

6  underlying *REC Solar* matter, CV-09-188-RMP, and bring an identical motion in

7  this case.

8        As discussed above, the Washington State statute pursuant to which Shaw

9  seeks a reasonableness hearing addresses the issue of obtaining a judgment for the

10  proportionate liability of defendants who have been released through settlement

11  while "'protect[ing] the nonsettling defendant from paying more than his or her

12  share of the damages.'" *Price v. Kitsap Transit*, 125 Wn.2d 456 (Wash. 1994)

13  (quoting *Adams v. Johnston*, 71 Wn. App. 599, 604 (Wash. Ct. App. Div. 3 1993))*;*

14  *see also* RCW 4.22.060.  All parties in *REC Solar*, CV-09-188-RMP, were

15  involved in the settlement that resolved that case.  *See* ECF Nos. 385 & 386 in CV-

16  09-188-RMP.  Therefore, a reasonableness hearing appears not to be applicable in

17  the *REC Solar* case.

18        However, the reasonableness hearing procedure of RCW 4.22.060 has been

19  applied by Washington courts even in cases without multiple defendants where an

20  insured settles with a claimant in anticipation of a bad faith action.  *See Red Oaks*

*Condominium Owners Association v. Sundquist Holdings, Inc.*, 128 Wn. App. 317, 322 (Wash. Ct. App. Div. 1, 2005); *Howard v. Royal Specialty Underwriting, Inc.*, 121 Wn. App. 372, 377-78 (Wash. Ct. App. Div. 1, 2004). The issue of whether, "in a proceeding to determine the reasonableness of a settlement between an insured person and the injured party in a tort action, the insurer has a right to a jury determination of reasonableness" has been placed before the Washington Supreme Court by the appeal of *Bird*, 161 Wn. App. at 514, which is yet undecided.[4] However, at this time the Court reads Washington State law to allow a reasonableness hearing under the circumstances presented by the three cases before this Court.

      Therefore, the Court will hold a reasonableness hearing, but makes no finding with respect to whether its determination following the reasonableness hearing will be the presumptive measure of damages in the insurance disputes. Nor does the Court reach the question of whether Washington law, including RCW 4.22.060 outlining a reasonableness hearing, applies to the insurance disputes.

---

[4] *See* Supreme Court Issues, January Term 2012, Washington Courts Website, http://www.courts.wa.gov/appellate_trial_courts/supreme/issues/?fa=atc_supreme_issues.display&fileID=2012Jan (last visited Apr. 26, 2012).

ORDER GRANTING MOTION FOR REASONABLENESS HEARING REGARDING SETTLEMENT AND GRANTING MOTION TO TRANSFER VENUE TO THE MIDDLE DISTRICT OF LOUISIANA ~ 9

The Court enters this order in this case as well as in the *REC Solar* matter, CV-09-188-RMP, because Shaw filed the same motion on both dockets. However, to be clear, the Court shall hold the reasonableness hearing in the *REC Solar* case, in which the notice of settlement was filed, ECF No. 385 in CV-09-188-RMP, and which the settlement agreement at issue resolved. *See Howard*, 121 Wn. App. at 377-78 (finding that the trial court acted appropriately when it made a reasonableness determination in the underlying personal injury suit rather than in the subsequent bad faith suit against the insurer). Should North American, Westchester, and/or Zurich wish to participate in the reasonableness hearing, any or all of those parties may file motions to intervene, advisably accompanied by motions to expedite, in the *REC Solar* matter, CV-09-188-RMP.

### *Motion to Transfer Venue Pursuant to § 1404(a)*

Under 28 U.S.C. § 1404(a), a district court may transfer a civil action to another district where it might have been brought if it is for the parties' and witnesses' convenience and in the interest of justice. 28 U.S.C. § 1404(a). The court has broad discretion to decide when considerations of convenience and fairness warrant a transfer of venue. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir.2000).

In *Jones*, the Ninth Circuit articulated the factors that a court should consider when ruling on a motion to transfer venue under 28 U.S.C. § 1404(a): "(1) the

ORDER GRANTING MOTION FOR REASONABLENESS HEARING REGARDING SETTLEMENT AND GRANTING MOTION TO TRANSFER VENUE TO THE MIDDLE DISTRICT OF LOUISIANA ~ 10

location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, ... (8) the ease of access to sources of proof," and (9) the public policy of the forum state. *Jones,* 211 F.3d at 498-99.

The parties do not dispute that the now-consolidated actions could have been filed in the Middle District of Louisiana. Rather, the Shaw parties argue that this matter should be tried in this District because: (1) the Shaw parties are "suing their insurers to establish insurance coverage for property damage that occurred in Washington and resulted in a lawsuit in Washington," and, therefore, the documents describing the damage and witnesses who will testify about the covered damage are in Washington; (2) "Shaw is also suing [Zurich and North American] for their unreasonable failure to investigate the underlying claims against Shaw, their failure to pay Shaw's defense lawyers, and their failure to cover the lawsuit against Shaw," and "[t]hat investigation should have occurred in Washington, the unpaid defense lawyers were either from Washington or admitted pro hac vice to defend Shaw in Washington, and the un-settled lawsuit was in Washington." ECF No. 55 at 2 (emphasis removed).

ORDER GRANTING MOTION FOR REASONABLENESS HEARING
REGARDING SETTLEMENT AND GRANTING MOTION TO TRANSFER
VENUE TO THE MIDDLE DISTRICT OF LOUISIANA ~ 11

North American, joined by Westchester, ECF No. 77, counters that it is "speculative whether the parties would actually need to travel to Washington to re-litigate REC's damages," and "[t]o the extent that REC's damages do become relevant to the insurance coverage issues, there is an extensive record in the underlying lawsuit concerning REC's damages, including expert reports that were produced by REC that specifically set forth the extent, timing, and value of its damages." ECF No. 73 at 4. North American further argues that Washington is not the place of negotiation, ratification, or primary performance of the North American insurance policies with Shaw. *See* ECF No. 73 at 4-9. Zurich, in turn, argues that a transfer of venue is appropriate because pre-mediation and mediation communications and conferences in the underlying suit took place in Louisiana and California, and Washington counsel had very limited involvement in the payments made by Zurich to Shaw's liability insurance policy following settlement. ECF No. 76.

North American, Westchester, and Zurich have made a strong showing that convenience and justice favor transfer of CV-11-435-RMP and CV-11-279-RMP, as a consolidated case for pretrial case management purposes, to the Middle District of Louisiana.

The first *Jones* factor, the location where the relevant agreements were negotiated and executed, supports transfer because the insurance policies were not

negotiated or entered into in Washington, and the Shaw entities are Louisiana corporations with their operations centered in Baton Rouge, Louisiana. *See* ECF No. 36 at 1-2 (Shaw's policies with North American were negotiated by Shaw from Louisiana, with the involvement of intermediaries in Pennsylvania and a lead underwriter for North American located in California); ECF No. 1 at 2 (Shaw entities are Louisiana corporations that maintain their principal places of business in Baton Rouge).

As for the second factor, the Court agrees with the insurer Defendants that the choice of law issue has not yet been fully developed and placed before the Court, and, particularly now that the insurance cases have been consolidated, is more appropriately suited to a dispositive motion. *See* ECF No. 76 at 7; *see also* ECF No. 73 at 9-10. In any event, the claims and counterclaims do not appear to raise novel or complex issues of law, so this factor would not weigh heavily in either direction. *See Dwyer v. General Motors Corp.*, 853 F.Supp. 690, 694 (S.D.N.Y. 1994) ("'The fact that the law of another jurisdiction governs the outcome of the case is a factor accorded little weight on a motion to transfer, however especially in an instance such as this where no complex questions of foreign law are involved.'") (quoting *Vassallo v. Niedermeyer*, 495 F.Supp. 757 (S.D.N.Y. 1980)).

ORDER GRANTING MOTION FOR REASONABLENESS HEARING REGARDING SETTLEMENT AND GRANTING MOTION TO TRANSFER VENUE TO THE MIDDLE DISTRICT OF LOUISIANA ~ 13

Thirdly, the plaintiff's choice of forum merits little deference in this matter. Although Shaw filed its suit in this District before the suit with which this matter has now been consolidated was filed, Shaw's selection of this forum is accorded less weight because this District is not Shaw's home forum. *See, e.g., Costco Wholesale Corp. v. Liberty Mut. Ins. Co.*, 472 F.Supp.2d 1183, 1191 (S.D. Cal. 2007). Furthermore, "[i]f the operative facts have not occurred within the forum and the forum has no interest in the parties or subject matter, [plaintiff's] choice is entitled to only minimal consideration." *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987).

The remaining *Jones* factors address the parties' contacts with this forum, convenience of the witnesses, access to sources of proof, and the comparative costs of litigation in the two forums. As stated above, Shaw is not a resident of this District, and its relevant contacts to this forum consist of defending against and resolving the now-resolved underlying lawsuit, CV-09-188-RMP. Moreover, the extensive declarations submitted by the insurer Defendants recount in detail, with reference to supporting exhibits, how the formation of the insurance policies took place outside of this District, with substantial aspects of the formation occurring in the Middle District of Louisiana, and how the interactions between the insurers and Shaw with respect to liability coverage for Shaw in the underlying litigation took place outside of this District. ECF Nos. 36, 37, 38, 46, and 75.

ORDER GRANTING MOTION FOR REASONABLENESS HEARING REGARDING SETTLEMENT AND GRANTING MOTION TO TRANSFER VENUE TO THE MIDDLE DISTRICT OF LOUISIANA ~ 14

With respect to the convenience of witnesses, the Court finds Shaw's insistence that it will rely heavily on REC Solar witnesses and documents in Washington State unavailing. While Shaw may require some access to documents or testimony from witnesses related to the *REC Solar* case to prove damages in the insurance disputes, the reasonableness hearing that the Court will hold in Washington in *REC Solar*, CV-09-188-RMP, will include an evidentiary hearing that mitigates the inconvenience to Shaw of securing damages evidence if litigation were to proceed in Louisiana.

Additionally, just as the parties have limited contacts with Washington, the great majority of the witnesses and evidence is expected to reside outside of this District. For instance, Shaw employees in Louisiana negotiated, executed, and accepted the policies at issue in these consolidated cases and communicated regarding the settlement in the underlying case and, therefore, may serve as witnesses. Although the insurer Defendants' employees who interacted with Shaw in the process of forming the insurance contracts and in exchanges that may form the basis for Shaw's extra-contractual claims are in California, Pennsylvania, and elsewhere, it is not more convenient or cost effective for them to travel to this District rather than to the Middle District of Louisiana. Therefore, the Court finds that these *Jones* factors favor transfer.

ORDER GRANTING MOTION FOR REASONABLENESS HEARING REGARDING SETTLEMENT AND GRANTING MOTION TO TRANSFER VENUE TO THE MIDDLE DISTRICT OF LOUISIANA ~ 15

Finally, this District's interest in the insurance disputes between a nonresident insured and nonresident insurers is inconsequential in comparison to the Middle District of Louisiana's interest in resolving a controversy between a resident insured and its insurers.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Case No. **CV-11-435-RMP shall be CONSOLIDATED** with **CV-11-279-RMP** for discovery and pretrial proceedings. Pursuant to the practice in this District to consolidate cases under the first-filed case, **ALL FUTURE FILINGS SHALL BE FILED UNDER CASE NUMBER CV-11-279-RMP.** The Court **RESERVES RULING** on whether to consolidate the cases for trial until such time as the Court can determine whether consolidation of the actions for trial is appropriate.

2. Shaw's Motion for a Reasonableness Hearing, **ECF No. 41**, is **GRANTED**. The Court shall hold a reasonableness hearing on **Monday, June 18, 2012,** at **10:00 a.m.** in **Spokane, Washington** in Case No. CV-09-188-RMP. If this schedule presents a hardship for counsel, please contact the courtroom deputy to identify a mutually agreeable date.

3. North American and Westchester's Motion to Transfer Venue to the Middle District of Louisiana, **ECF No. 33 in CV-11-279-RMP**, is **GRANTED**.

4. The District Court Executive is directed to forward the consolidated file for **CV-11-279-RMP**, along with a copy of this Order to the Clerk of Court, United States District Court for the Middle District of Louisiana.

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this Order, provide copies to counsel, and **close the file** for CV-11-279-RMP in this District.

**DATED** this 27th day of April 2012.

                                             *s/ Rosanna Malouf Peterson*
                                          ROSANNA MALOUF PETERSON
                                         Chief United States District Court Judge